UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JORGE DARÍO D.R., | Case No. 26-CV-946 (NEB/JFD) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, in her official capacity as U.S. Attorney General; KRISTI NOEM, in her official capacity as secretary, U.S. Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Field Office Director, Director of Enforcement and Removal Operations, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and the WARDEN OF EL PASO CAMP EAST MONTANA, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |

This matter is before the Court on Petitioner Jorge D.R.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Jorge D.R. is a citizen of Ecuador. (*Id.* ¶ 39.) He has no criminal history. (*Id.* ¶ 45.) On January 29, 2026, Jorge D.R. was detained by ICE in Minnesota. (*Id.* ¶¶ 1, 41.) Respondents subsequently transferred him to El Paso, Texas. (*Id.* ¶ 51.)

Jorge D.R. filed his Petition on February 2. In their response to the Petition, Respondents ask the Court to dismiss the Petition for improper venue or transfer it to the United States District Court for the Western District of Texas. (ECF No. 6.)

Generally, habeas petitions seeking to challenge present physical custody should be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004). Jorge D.R. acknowledges this general rule, but he argues an exception applies here because "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed" or "the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy J., concurring, joined by O'Connor, J.).

However, this case is not like others in the District that apply that exception. *See, e.g.*, *Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF) (Jan. 22, 2026), ECF No. 18 at 5–6 (applying this exception and collecting similar cases). The facts of this case are materially distinguishable. The Petition was filed four days after Jorge D.R.'s transfer to Texas and with knowledge that Jorge D.R. was in Texas. His Petition does not allege that, at the time of filing, counsel reasonably believed Jorge D.R. was in Minnesota; the Petition is clear that Jorge D.R. was in Texas at the time of filing. (Pet. ¶¶ 1, 51.) Further, Jorge D.R.'s counsel asserts that ICE transferred Jorge D.R. to forum shop, but Jorge D.R. does not

rebut the government's account that Jorge D.R. was transferred for lack of bed space. (ECF No. 6 at 1 n.1.) The Court will not apply the *Padilla* exception on these facts.

Jorge D.R. also relies on standards governing venue for civil actions (ECF No. 7 at 5), but the rules governing the appropriate forum in habeas actions are different. A district court may grant habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this language to mean that habeas petitions should, generally, be brought in the district of confinement. *Padilla*, 542 U.S. at 443. So Jorge D.R.'s reliance on standards governing venue for standard civil actions is misplaced. *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996) ("We acknowledge that the rules of civil procedure apply to habeas corpus petitions only 'when appropriate' and 'to the extent that they are not inconsistent with' the rules governing habeas corpus cases."); *Padilla*, 542 U.S. at 452–53 (Kennedy J., concurring, joined by O'Connor, J.) (stating that "these forum-location rules for habeas petitions are based on the habeas statutes and the cases interpreting them" rather than the "venue rules and venue considerations that apply to other sorts of civil lawsuits.").

Because the Petition does not allege facts supporting application of any exception to the district-of-confinement rule, and because standard venue concerns do not guide the Court's analysis, the Court grants Respondents' motion and transfers the case to the Western District of Texas.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Texas.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 6, 2026  
Time: 7:00 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge